# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MISSOURI COALITION FOR THE ENVIRONMENT, <br> 3115 So. Grand, Ste. 650 <br> St. Louis, MO 63118 <br><br> Plaintiff, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br> 441 G Street NW <br> Washington, DC 20314-1000 <br><br> Defendant. | COMPLAINT <br><br> Civil Action No. |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

### NATURE OF THE CASE

1. This Complaint challenges the unlawful denial of access to Plaintiff Missouri Coalition for the Environment ("MCE") of documents in the possession of defendant U.S. Army Corps of Engineers ("the Corps") in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Plaintiff MCE, acting on its own behalf and through the Interdisciplinary Environmental Clinic at Washington University School of Law (the "IEC") and Great Rivers Environmental Law Center ("GRELC"), submitted various FOIA requests for documents related to pending applications for permits issued by the Corps pursuant to Section 404 of the Clean Water Act and was denied access on at least five occasions in the past five years.

3. The Corps had a policy or practice of denying these requests by claiming that the documents were "pre-decisional" and thus exempt under 5 U.S.C. § 552(b)(5).

1

4. The documents for which the exemption was claimed were neither inter-agency or intra-agency memoranda or letters nor were they subject to any privileges, including the deliberative-process privilege.

5. Accordingly, Plaintiff MCE is entitled to relief under FOIA because the Corps has engaged in a policy or practice of violating FOIA by wrongfully denying document production requests seeking documents generated by permit applicants or their agents when the application is still pending.

## PARTIES

6. Plaintiff MCE is a not-for-profit corporation based in St. Louis, Missouri. It and its 700 members are interested in promoting clean water, clean air, clean energy, protection of wetlands, and a healthy environment. It also actively advocates for renewable energy and energy efficiency as alternatives to fossil fuels and nuclear power in Missouri. It brings these claims on its own behalf, and on behalf of its members.

7. Defendant U.S. Army Corps of Engineers is an agency within the Department of the Army and is subject to FOIA. 5 U.S.C. § 552(f)(1). It is charged with regulating the discharge of dredge and fill material into the jurisdictional waters of the United States. The Corps has possession and control of the records Plaintiff MCE seeks because the Corps accepts applications for permits pursuant to Section 404 of the Clean Water Act ("404 permits") and decides whether to issue them.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA.

9. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that venue for FOIA cases against federal governmental agencies is proper in the District of Columbia.

10. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

11. Over the past four years, in pursuit of its mission to protect and preserve Missouri wetlands and small streams, Plaintiff MCE sought to review documents related to their destruction. Section 404 of the Clean Water Act authorizes the Corps to issue permits related to the dredging or filling of these waters, conditioned upon the permittee's performance of mitigation to make up for the lost wetlands and streams. The Corps solicits public comments on the permit applications before deciding to issue the permit or deny the application.

12. To review the documents, Plaintiff MCE submitted FOIA requests to several Corps districts within Missouri. It was, for the most part, able to obtain documents related to permits that had already been issued. However, when it attempted to obtain documents related to pending new permit applications, it was wrongfully denied access to documents. This interferes with its ability to participate in the public comment process.

13. The Corps withheld documents within the pending files as "predecisional" under Exemption 5, even though the documents withheld were neither inter-agency nor intra-agency memoranda or letters. These documents were not protected by the deliberative-process privilege or any other applicable privilege. This consistent policy or practice of wrongfully withholding documents from pending permit files is in violation of FOIA.

**FOIA REQUEST ONE**

14. On March 3, 2013, Plaintiff MCE, acting through GRELC, submitted a FOIA request ("March 5 FOIA request") to the Corps of Engineers-St. Louis District seeking documents related to sixteen Section 404 permits issued by the Corps. The Corps denominated this request "FA-13-0028."

15. The Corps, acting through its agent and employee, Ms. Kelly Bertoglio, stated in person to Plaintiff MCE's attorney that three permit files were exempt from disclosure under FOIA because the permits had not been issued and, therefore, were "pre-decisional" under 5 U.S.C. § 552(b)(5). The Corps subsequently denied it access to the entirety of these three permit files.

16. On November 8, 2013, Plaintiff MCE filed an administrative appeal under 5 U.S.C. § 552(a)(6)(A)(ii), challenging the Corps' withholding of, or denial of access to, the entirety of these three permit files.

17. After receiving no response from the Corps in connection with its appeal, Plaintiff MCE, represented by GRELC, filed suit in the U.S. District Court of D.C. on December 29, 2014[1], and the suit was later settled.

**FOIA REQUEST TWO**

18. On August 25, 2014, Plaintiff MCE submitted an expedited FOIA request ("August 25 FOIA request") to the Corps of Engineers-Little Rock District, seeking documents related to Section 404 permit application number 2012-00201 while the application was pending and while it was on public notice and open for public comment.

---

[1] *Missouri Coalition for the Env't., v. U.S. Army Corps of Eng'rs*, CA. No. 14-2202 (CRC) (D.D.C. filed Dec. 29, 2014).

19. In a letter dated October 21, 2014, the Corps claimed that all documents in the permit file were "deliberative and pre-decisional," citing FOIA Exemption 5. Under this exemption, they withheld each of the 15 pages in the permit file

20. Based on Plaintiff MCE's knowledge of documents customarily contained in these 404 permit files, at least some of the withheld documents were not inter-agency or intra-agency memoranda or letters, but were communications between the permit applicant and the Corps. These include the permit application itself, correspondence related to the application, and correspondence related to the wetlands mitigation that the applicant would be required to perform if the permit were issued.

21. At least some of the documents withheld were not generated by the Corps, but were generated by the applicant and/or its agents and submitted to the Corps in support of its application.

22. On November 20, 2014, Plaintiff MCE, acting through counsel, appealed this decision, stating that while the documents may be pre-decisional, they were not protected by Exemption 5.

23. After receiving no response from the Corps in connection with its appeal, Plaintiff MCE, represented by Great Rivers Environmental Law Center, filed suit[2] in the U.S. District Court of D.C. on April 19, 2015, and the suit was settled on July 1, 2015.

**FOIA REQUEST THREE**

24. On December 9, 2015, Plaintiff MCE, acting through the IEC, submitted a FOIA request ("December 9 FOIA request") to the Corps of Engineers-Little Rock District, seeking documents related to a pending Section 404 permit application to make the temporary diversion

---

[2] *Missouri Coalition for the Environment v. U.S. Army Corps of Engineers*, Case No. 1:15-cv-00520-RBW (D.D.C. filed April 9, 2015).

of a section of the West Fork Black River in Reynolds County, Missouri permanent. The Corps referred to this request as both "16-006377/FA 16-0017" and "16-011092/16-0035."

25. In the December 9 FOIA request, Plaintiff MCE requested the following:

> all documents since June 30, 2015 pertaining to the Doe Run Company's temporary diversion of a section of the West Fork Black River near its West Fork Mine in Section 1, Township 32 North, Range 2 West, Reynolds County, Missouri. This request encompasses documents related both to Nationwide Permit No. SWL-2014-00224, which authorized the temporary diversion, and to Doe Run's recent request for authorization to make the diversion permanent.

26. The Little Rock District produced documents pertaining to the temporary diversion, which was authorized by an already-issued emergency permit, but withheld documents pertaining to the Doe Run Company's new application to make the diversion permanent (with the exception of the permit application the company submitted on September 3, 2015). Its explanation for withholding certain documents:

> [The Corps has] withheld (redacted whole pages) a draft letter that provides rationale to request for the permanent use of the permitted diversion of the West Fork of the Black River, which falls under the protection of Exemption 5. It includes 3 attachments: 1) As-built drawings; 2) USGS quadrangle depicting the project area; and 3) Mine Map- Aerial Photo Overlay. [The Corps has] also withheld (redacted 2 whole pages) of handwritten notes written with concerns regarding the permanent diversion.

27. The draft letter that was withheld was emailed to the Corps by Travis Morse of Golder Associates, Inc., a consultant hired by Doe Run Company to assist with the permitting process, and is on Golder letterhead.

28. The handwritten notes are incompletely covered by the redaction sheet and appear to be in the same handwriting as that of the person who signed the permit application, Doe Run Environmental Health and Safety Analyst Amy Sanders.

29. The withheld documents were not generated by the Corps and were not inter-agency or intra-agency memoranda or letters, but were generated by the applicant and/or its agents and submitted to the Corps in support of its application.

30. On April 21, 2016, Plaintiff MCE, acting through counsel, appealed this decision, stating that while the documents may be pre-decisional, they were not protected by Exemption 5.

31. As of today, Plaintiff MCE has not received a response from the Corps regarding its appeal.

**FOIA REQUEST FOUR**

32. On March 2, 2017, Plaintiff MCE, acting through the IEC, submitted an expedited FOIA request ("March 2 FOIA request") to the Corps of Engineers-St. Louis District, seeking documents related to Section 404 permit application number MVS-2016-847 while the application was pending and while it was on public notice and open for public comment. The Corps denominated this request "FA-17-0027."

33. The Corps responded on March 13, 2017 by producing a copy of the Public Notice and the Corps' cover letter to the applicant attaching the Public Notice. The denial letter stated: "The remaining documents in the file are being withheld pursuant to Exemption 5 (5 USC 552(b)(5)), Deliberative Process, Pre-decisional."

34. Among the items not produced were the permit application and any documents submitted along with the permit application, including any documents related to the proposed mitigation plan described in the Public Notice.

35. At least some of the documents withheld were not generated by the Corps and were not inter-agency or intra-agency memoranda or letters, but were generated by the applicant and/or its agents and submitted to the Corps in support of its application.

**FOIA REQUEST FIVE**

36.     On October 25, 2017, Plaintiff MCE, acting through the IEC, submitted an expedited FOIA request ("October 25 FOIA request") to the Corps of Engineers-St. Louis District, seeking to inspect and copy documents related to Section 404 permit application number MVS–2016–221 while the application was pending and while it was on public notice and open for public comment. The Corps denominated this request "FA-18-0008."

37.     The Corps responded on November 15, 2017, with a "no records" denial. After Plaintiff MCE asked for more information, the Corps sent another letter on December 4, 2017 to clarify the reasons for denial. The letter stated: "The documents you seek are being withheld pursuant to Exemption 5 of the FOIA (5 USC 552(b)(5)), which protects inter-agency or intra-agency letters/notes – deliberative process privilege information."

38.     Although the denial letter claimed the requested documents fall under Exemption 5 as inter-agency or intra-agency deliberative information, some of the requested documents were not protected by this exemption.

39.     The Corps failed to produce the initial permit application and any documents submitted along with the permit application such as the applicant's mitigation plans. Since these documents were created by the permit applicant, rather than the Corps, they are not inter-agency or intra-agency deliberative process information, and therefore they are not protected by Exemption 5.

**POLICY AND PRACTICE ALLEGATIONS**

40.     Based on the above, the Corps has engaged in a policy or practice of wrongfully denying document production requests for documents connected to pending original Section 404 permit applications. Plaintiff MCE's organizational activities will be

adversely affected if Defendant is allowed to continue violating the FOIA's disclosure provisions.

41. The Corps' practice is to claim that documents in a pending original Section 404 permit application file are exempt from disclosure under FOIA Exemption 5 because they are "predecisional" and to deny access to those documents even though the withheld documents are neither "inter-agency or intra-agency memoranda or letters," nor privileged.

42. Because its core mission includes wetlands protection, Plaintiff MCE will continue to employ FOIA to seek documents related to pending applications for Section 404 permits on a regular basis. It currently has one pending FOIA request, which was sent to the Little Rock District on March 10, 2017, and an amended request on March 22, 2017. To date, it has not received documents responsive to this request. It will file additional FOIA requests seeking records from Section 404 permit application files in the future as the Corps sends out public notice that an application is pending.

43. Plaintiff MCE has a statutory right under FOIA to the release of the records it seeks. There is no legal basis for Defendant's repeated failures to release those records promptly.

44. Unless enjoined and/or made subject to a declaration of Plaintiff MCE's legal rights by this Court, Defendant will continue to violate its rights to receive public records under the FOIA.

45. Declaratory and/or injunctive relief is necessary as Plaintiff MCE has no other recourse. The Corps' internal appeal process is ineffective, taking so long to resolve or even respond to appeals that relief is effectively denied. For example, as described above in paragraph 30, on April 21, 2016, Plaintiff MCE appealed the Corps' withholding of certain documents under Exemption 5 in response to its December 9, 2015 FOIA request. Nearly two years later,

the Corps has not responded to this appeal. An even more egregious example is Plaintiff MCE's May 6, 2015 appeal of a FOIA fee waiver denial regarding a different FOIA request. The Corps did not respond to the appeal until January 3, 2018, more than two and a half years after it was filed. However, the Corps' long-awaited response did not resolve the appeal, but rather asked Plaintiff MCE, "Since it has been a long period since your appeal, our office is reaching out to you to determine whether you are still interested in pursuing the appeal." The appeal is still outstanding, almost three years after Plaintiff MCE filed the FOIA request for which it sought the contested fee waiver.

46. Further, in the cases described above in footnotes 1 and 2, Plaintiff MCE has received allegedly privileged documents from a pending permit application file only after a lawsuit was filed, and when the permit application was no longer pending. In no case was Plaintiff MCE able to obtain the documents in a manner that would allow it to use the documents for the purpose for which they were requested – submitting public comments on a pending application.

47. Moreover, repeated lawsuits have had no effect on the Corps' policy or practice. The Corps continues to wrongfully withhold the same kinds of documents despite the resolution of two lawsuits challenging this practice in individual cases.

48. Further declaratory and/or injunctive relief is necessary to prevent the wrongful withholding of records from recurring each time Plaintiff MCE submits a FOIA request to Defendant.

## CLAIM FOR RELIEF

## UNLAWFUL WITHHOLDING OF RECORDS UNDER FOIA

49. Plaintiff MCE re-alleges and incorporates by reference paragraphs 1 through 48 above.

50. Plaintiff MCE is a non-profit with a mission to protect wetlands in the state of Missouri. In accordance with that mission, it files FOIA requests with the Corps in order to obtain documents related to Section 404 permits allowing for the dredging and filling of Missouri wetlands. It uses documents related to Section 404 permits and permit applications to advocate for the preservation of existing wetlands where possible and for adequate mitigation if the permit is granted.

51. In pursuit of this mission, on at least five occasions, Plaintiff MCE properly sought records under FOIA related to pending Section 404 permit applications.

52. In response to each of these FOIA requests, Defendant withheld documents, alleging that they are exempt from disclosure pursuant to FOIA Exemption 5.

53. In each of the five cases, Defendant wrongfully exempted from disclosure documents in the pending permit application files. Many of these documents originated with the permit applicant, and therefore are clearly neither "inter-agency or intra-agency memoranda or letters" nor privileged.

54. Defendant's repeated denials constitute a policy or practice of wrongfully withholding documents in violation of FOIA as described in *Payne Enterprises Ltd. v. United States*, 837 F.2d 486 (D.C. Cir 1987).

55. Because of Defendant's policy or practice, Plaintiff MCE has been unable to obtain documents that it was entitled to and that are not subject to Exemption 5.

56. Plaintiff MCE filed a FOIA request with the Defendant on March 10, 2017 seeking documents related to the pending Section 404 permit application of the Doe Run

Company.   An amended request was sent on March 22, 2018. That FOIA request is pending as of the date this Complaint is filed.

57.	In furtherance of its mission, Plaintiff MCE will continue to seek documents through FOIA related to Section 404 permit files and permit applications. When it does, it will continue to be subject to Defendant's policy or practice of wrongfully withholding documents pursuant to FOIA Exemption 5.

58.	Because of Defendant's policy or practice, Plaintiff MCE will be thwarted in the pursuit of its mission and will be unable to timely advocate for the preservation of Missouri wetlands.

59.	Although Plaintiff MCE has filed two lawsuits seeking particular documents withheld pursuant to this policy or practice, and has received those documents as a result of the lawsuits, Defendant has continued to pursue this policy or practice and withholds documents each time Plaintiff MCE files a new FOIA request for documents in a pending Section 404 permit application file.

60.	Unless the Court orders declaratory and/or injunctive relief, Plaintiff MCE will continue to be subject to the Defendant's policy or practice of wrongfully withholding documents from pending Section 404 permit application files.

61.	Accordingly, the Court should declare that the Section 404 permit application materials described below and submitted by applicants or their agents and/or sent to applicants and their agents while their permit applications are pending are NOT exempt from disclosure under FOIA Exemption 5 and enjoin Defendant from pursuing a policy or practice of wrongfully withholding these documents pursuant to Exemption 5.

62.     Plaintiff MCE is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to the FOIA. 5 U.S.C. § 552(a)(4)(E).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

63.     Pursuant to 5 U.S.C. § 552(a)(6), declare Defendant's practice of failing to disclose the types of documents listed below to be unlawfully withheld under FOIA Exemption 5: (a) the completed Section 404 permit application submitted to the Corps; (b) documents created by the permit applicant that support the permit application and were submitted to the Corps, including but not limited to documents created by the Section 404 permit applicant related to alternatives, wetlands delineations, and proposed mitigation to be performed in connection with the permit if granted; (c) documents created by the permit applicant's consultant, agent, or contractor that support the permit application and were submitted to the Corps, including but not limited to documents related to alternatives, wetlands delineations, and proposed mitigation to be performed in connection with the permit if granted; and (d) correspondence between the permit applicant (and/or its agents, consultants, and contractors) and the Corps related to the permit application, the permitting process, and/or the proposed mitigation.

64.     Order Defendant to refrain from activity inconsistent with the above declarations.

65.     Award Plaintiff MCE its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

66.     Grant such other and further relief as the Court deems just and proper.

/s/ Elizabeth Hubertz

Elizabeth Hubertz (Bar No. MO0006
Interdisciplinary Environmental Clinic
Washington University School of Law
One Brookings Dr.
St. Louis, Missouri 63130
(314) 935-8760
ejhubertz@wustl.edu

*Attorneys for Plaintiff*

Elizabeth Hubertz (Bar No. MO0006
Interdisciplinary Environmental Clinic
Washington University School of Law
One Brookings Dr.
St. Louis, Missouri 63130
(314) 935-8760
ejhubertz@wustl.edu

*Attorneys for Plaintiff*